### UNITED STATES OF AMERICA, Plaintiff

### v.

### DAVID MEDINA, Defendant

Civil No. 80/117

District Court of the Virgin Islands
Div. of St. Croix: Christiansted Jurisdiction

October 10, 1980

Melvin H. Evans, Jr., Esq., Assistant United States Attorney, Christiansted, St. Croix, V.I., *for plaintiff*

Derek M. Hodge, Esq., Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge By Designation*

## MEMORANDUM OPINION WITH ORDER ATTACHED

There are three discovery related motions before the Court. The Government has moved that the Court deny the defendant's request for a response to item 18 of the defendant's motion for a bill of particulars and for discovery. Item No. 18 concerns the disclosure of the names, addresses and telephone numbers of government informants. The defendant has moved that the Court prohibit the Government from introducing into evidence any testimony regarding the substance allegedly sold by the defendant, on the grounds that the Government has made an untimely and inadequate response to the Court's order compelling discovery. Finally, the defendant has moved that the Court order the Government to make named informant's criminal record available to the defendant.

## 1.—*Motion for Nondisclosure*

As permitted by the Court's order dated September 16, 1980, the Government has moved the Court for denial of the defendant's motion to disclose the name, address and phone number of any informants involved in the case.

In its motion, the Government has revealed the name of one informant involved in the charge against the defendant. The Government urges that in order to preserve the safety of its informant, the informant's address and telephone number should be withheld. In support of this position, the Government cites paragraphs 18 through 20 of the supporting affidavit filed with the information in this case. Although those paragraphs relate to Jose Bermudez (now deceased), a previous informant, they describe the defendant as possessing weapons and controlling an "organization" and relate Jose Bermudez' fears for his safety because of a debt owed the defendant.

The question of disclosure of information concerning an informant ". . . calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." Roviaro v. United States, 353 U.S. 53, 62, 77 S.Ct. 623, 628. Certainly, the public's interest in the safety of informants and future witnesses must also be added to the balancing process. (See United States v. Alston, 460 F.2d 48, 52 and cases cited therein.)

While the defendant has a legitimate interest in this informant, his testimony is critical to the Government's case. He is alleged to have purchased heroin from the defendant. The Government has presented convincing concerns for the safety of this informant. The Government has not attempted to entirely withhold this informant from the defendant. The informant's name has been disclosed and the Government intends to call him as a witness at trial.

Even at trial, when the Government demonstrates danger to its witness, the witness is permitted to withhold his address. United States v. Alston, supra; United States v. Opager, 589 F.2d 799. Certainly, then, if the Government meets its burden of demonstrating danger to its witness, the Government can withhold that witness' address prior to trial.

This Court holds that the Government has met its burden and has demonstrated a potential danger to the informant in this case, were the informant's address and phone number to be disclosed. Accordingly the Court grants the Government's motion for nondis-

closure. However, the Court is mindful of the defendant's interests in this balancing process and accordingly will permit the defendant to interview the informant prior to, but on the date of trial. If, at that time, defendant can demonstrate prejudice or surprise resulting from late access to the informant, the Court will consider a motion for continuance.

### 2—*Motion for Sanctions*

The defendant seeks the severe sanction of the exclusion of evidence on the grounds that the Government's response to an order compelling discovery was untimely and inadequate. Specifically, the defendant complains of the responses to Item Nos. 3, 11 and 14 of the defendant's first motion for discovery. Although the Court finds that the Government's response was untimely and, in certain aspects, inadequate, the defendant's motion will be denied.

■ "In exercising the broad discretion as to sanctions granted by (Rule 16(d)(2) Federal Rules of Criminal Procedure) . . . the Court should take into account the reasons why disclosure was not made, the extent of prejudice, if any, to the opposing party, the feasibility of rectifying that prejudice by a continuance, and any other relevant circumstances." Wright, Federal Practice and Procedure, § 260.

■ As the defendant has not set forth any prejudice resulting from the Government's flawed response, the Court will not impose the severe sanction requested.

■ The Government's inadequate responses remain to be cured. Since Item No. 3 deals with the named informant's whereabouts, addressed earlier in this opinion, no further Government response is required. As to Item No. 11: The Government shall disclose the nature of any tests made on the substance allegedly sold by the defendant or any other substance involved in the case and shall provide the defendant with any written results from such tests. As to Item No. 14: The Government shall respond fully to the question therein.

Once again, if the defendant can demonstrate prejudice or surprise due to the Government's inadequate discovery response, the Court will consider a motion for a continuance.

### 3—*Motion for Discovery of the Informant's Criminal Record*

■■ Criminal records of witnesses affect their credibility. The defendant's motion to compel production of the named informant's criminal record in both the Virgin Islands and Puerto Rico will be

10

granted, but in accord with the earlier discussion concerning the safety of the named informant, the Government will be permitted to delete from the criminal record, all reference to the named informant's current address and phone number.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the Government's motion for nondisclosure be, and is hereby, GRANTED;

IT IS FURTHER ORDERED that the Government make the named informant available to the defendant for interview prior to, but on the date of the trial of this case;

IT IS FURTHER ORDERED that the defendant's motion for sanctions be, and is hereby, DENIED;

IT IS FURTHER ORDERED that the Government fully respond to Item Nos. 11 and 14 of the defendant's motion for bill of particulars and for discovery;

IT IS FURTHER ORDERED that the defendant's motion for discovery of the named informant's criminal record in the Virgin Islands and Puerto Rico be, and is hereby, GRANTED, provided, however, that all references to his current address and telephone number may be excised therefrom.